**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**


| | | |
|---|---|---|
| **RONDA WALKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 1:15-CV-33 SNLJ** |
| | ) | |
| **PROGRESSIVE DIRECT INS. CO.,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

Plaintiff Ronda Walker's husband, Steve Walker, was fatally injured while riding his motorcycle. Plaintiff seeks underinsured motorist insurance pursuant to two policies the Walkers had with defendants Progressive Direct Insurance Company and Progressive Max Insurance Company. Both plaintiff and defendants have moved for summary judgment (#25, #31), and those motions are now ripe for disposition.

## I.    Factual Background

The underlying facts of this lawsuit are undisputed. Plaintiff's claim for underinsured motorist coverage against defendants is for the wrongful death of Steve Walker. Plaintiff Ronda Walker was married to Steve Walker, but they were separated at the time of the accident, and he had been living in another dwelling for three months before the accident. Steve Walker and Ronda Walker were named insureds on insurance policies written by the defendants for six vehicles. Steve Walker also had an insurance policy that covered the motorcycle he was operating on March 22, 2012 when he was

fatally hit by a car driven by a third party.  Plaintiff Ronda Walker settled with the third party driver's insurance company for the maximum amount under that driver's policy, $25,000.  Plaintiff Ronda Walker did not own the motorcycle Steve Walker was riding, and the insurance policy covering the motorcycle did not have underinsured motorist coverage.  So plaintiff seeks to obtain the underinsured motorist ("UIM") coverage offered by the policies for which she is a named insured.

The relevant policy sets forth Part III(B) Underinsured Motorist coverage as follows, with defined terms in bolded font:

> If **you** pay the premium for this coverage, **we** will pay for damages that an **insured person** is legally entitled to recover from the owner or operator of an **underinsured motor vehicle** because of **bodily injury**:
>
> 1. sustained by that **insured person**;
> 2. caused by an accident; and
> 3. arising out of the ownership, maintenance, or use of an **underinsured motor vehicle**.

The policy further states that, when used in Part III(B),

> 1. **"Insured person"** means:
>    a. **you** or a **relative**;
>    * * *
>    d. any person who is entitled to recover damages covered by this Part III(B) because of **bodily injury** sustained by a person described in a, b, or c above.

However, the policy set forth an "owned vehicle exclusion."  The exclusion states

> Coverage under this Part III(B) will not apply:
>
> 1. to **bodily injury** sustained by any person while using or occupying:
>    * * *
>    b. a motor vehicle that is owned by or available for the regular use of **you** or a **relative**.  This exclusion does not apply to a **covered auto** that is insured under this

Part III(B).

The policies also include the following relevant definitions:

- "You" and "your" mean "a person shown as a named insured on the Declarations page."

- "Bodily injury" means "bodily harm, sickness, disease, including death, that results from bodily harm sickness or disease."

- "Relative" means "person residing in the same household as you, and related to you by blood, marriage, or adoption."

Plaintiff contends that she is entitled to payment of the UIM insurance proceeds because her husband was killed in a car accident caused by an underinsured motorist. Defendant contends that the policies' "owned vehicle exclusion" precludes plaintiff from recovering the UIM proceeds in light of the fact that Steve Walker was driving a motorcycle that he owned but that was not a covered vehicle. The parties have filed cross-motions for summary judgment.

## II.    Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467 (1962). Because "the interpretation and construction of insurance policies is a matter of law, ... such cases are particularly amenable to summary judgment." *John Deere Ins. Co. v. Shamrock Indus., Inc.*, 929 F.2d 413, 417 (8th Cir. 1991).

Because this is a diversity case, the Court applies state substantive law and federal procedural law. *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *see also Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). Plaintiff's claim is based on a Missouri contract and an accident that occurred in Missouri. The parties appear to agree that Missouri law controls.

## III. Discussion

Absent ambiguity, insurance contracts are enforced according to their terms. *Seeck v. Geico Gen. Ins. Co.*, 212 S.W.3d 129, 132 (Mo. banc 2007). "In construing the terms of an insurance policy, this Court applies the meaning which would be attached by an ordinary person of average understanding if purchasing insurance, and resolves ambiguities in favor of the insured." *Seeck v. Geico General Ins. Co.*, 212 S.W.3d 129, 132 (Mo. banc 2007) (internal quotation marks and citation omitted).

The "owned vehicle exclusion" at the heart of this case is an exclusion common to automobile insurance policies. Such exclusions provide that "UIM coverage does not apply to bodily injury claims sustained while the insured is occupying a vehicle owned by him unless that vehicle is described on the policy's declarations page." *Bush v. Shelter Mutual Ins. Co.*, 412 S.W.3d 336, 340 (Mo. App. W.D. 2013). Although UIM coverage typically follows the insured person --- even, say, if the insured is a passenger in someone else's vehicle --- the owned vehicle exclusion prevents insurance companies from paying insurance proceeds on cars which are habitually used but for which the insurance company has not been paid a premium. *See Dutton v. American Family Mutual Ins. Co.*, 454 S.W.3d 319, 323 (Mo. banc 2015). "That is, one cannot simply buy a policy of

insurance on one vehicle and then argue that the policy covers other vehicles that the insured also owns but chose not to insure." *Id.*

This Court recently addressed an owned vehicle exclusion in *McDonald v. GEICO Gen. Ins. Co.*, No. 4:14CV1468 SNLJ, 2015 WL 4393880, at *3 (E.D. Mo. July 16, 2015). There, the plaintiff was injured in an accident while riding his motorcycle; that plaintiff tried to obtain UIM coverage under an insurance policy for a different vehicle, but the policy excluded UIM coverage for injuries "while occupying…any motor vehicle owned by the insured or a relative that is not described in the declarations…". *Id.* at *6. This Court held the motorcycle was excluded from UIM coverage because it was "owned by the insured." *Id.* at *7.

Here, had Steve Walker survived, it is clear that he would be unable to make a UIM claim under the policies at issue because he owned the vehicle involved in the accident. Plaintiff, however, argues that because she --- not Steve Walker --- seeks the UIM coverage payment, the result is different. Looking again to the exclusion language itself, it says that UIM coverage does not apply "to bodily injury sustained by any person while using…a motor vehicle that is owned by or available for the regular use of you or a relative…". Plaintiff says she seeks coverage for (1) bodily injury (death) (2) sustained by any person (Steve Walker) (3) while using a motor vehicle (motorcycle) (4) that is owned by Steve Walker --- not by herself or by a "relative."

Defendants do not dispute plaintiff's characterization of what the Court has labeled elements one, two, and three. The crux of this issue is what the policy means by the fourth element --- "owned by or available for the regular use of you or a relative." Plaintiff argues that *she* did not own the motorcycle, nor was it available for *her* regular use. Further, plaintiff argues --- and defendants agree --- that Steve Walker was not a

"relative" under the policy because he was not in plaintiff's household at the time of the accident.

Defendant says that "you" is not defined as solely pertaining to Ronda Walker, however. Rather, "you" is defined as "a person shown as a named insured on the Declarations page." Plaintiff argues that "you" is ambiguous: because she is the insured seeking coverage, does "owned by you" refer to herself or Mr. Walker? She says that an ordinary person of average understanding would take it to mean "yourself," but the definition of "you" in the policy means "a person shown as a named insured on the declarations page." Plaintiff contends that the definition further confuses the matter because both she and Steve Walker are named insureds on the declaration.

This Missouri Supreme Court is explicit that "[d]efinitions, exclusions, conditions, and endorsements are necessary provisions in insurance policies. If they are clear and unambiguous within the context of the policy as a whole, they are enforceable." *Allen v. Cont'l W. Ins. Co.*, 436 S.W.3d 548, 554 (Mo. banc 2014) (quoting *Todd v. Mo. United Sch. Ins. Council*, 223 S.W.3d 156, 163 (Mo. banc 2007)). Further, "[c]ourts may not unreasonably distort the language of a policy or exercise inventive powers for the purpose of creating an ambiguity where none exists." *Todd*, 223 S.W.3d at 163. Here, "you" is defined as "a person shown as a named insured," which includes Steve and Ronda Walker. The Court need not consider what other meaning "you" might take because it is defined and unambiguous in the context of the policy. *See id.*; *see also Allen*, 436 S.W.3d at 554. Thus, if the injury was sustained while in a vehicle owned by you --- meaning either of the insureds --- and not covered by the policy, the exclusion applies.

Plaintiff's unworkable interpretation of "you" is further demonstrated --- as defendant points out --- by the fact that her interpretation would mean that there would be no UIM coverage anyway.  Under the UIM coverage section, an "insured person" means "a.  you or a relative," and "d.  any person who is entitled to recover damages covered by this Part III(B) because of bodily injury sustained by a person described in a, b, or c." Plaintiff is clearly claiming under section (d) as a person entitled to recover damages for her husband's bodily injury, and he is a "person described in" section (a) --- "you or a relative."  Under plaintiff's interpretation, this section of the policy reads "insured person" means "a. Ronda Walker….d. any person who is entitled to recover damages covered by this Part III(B) because of bodily injury sustained by Ronda Walker."   That is, if "you" could only mean plaintiff herself, there would be nothing for her to recover under UIM coverage because she was not injured.

Plaintiff also says it is confusing that the policy's language extends the "owned vehicle" exclusion to "any person" who is using or occupying that vehicle  It is unclear how the term "any person" is ambiguous --- it simply means that the policy does not provide UIM coverage to anyone (related or not) if they are in a vehicle owned by the named insureds.  That is consistent with defendants' application of the exclusion here.

Plaintiff suggests that the policy unfairly takes away insurance that she expected to have.  However, as noted above, it is clear that Steve Walker himself had no expectation of any UIM benefits for the motorcycle he owned but did not insure. It appears plaintiff seeks a different result because her husband was living in a different home, but the policy terms are clear.  The policy's UIM coverage excludes coverage for vehicles owned by named insureds that were not covered vehicles.  Plaintiff's decedent was a named insured who owned the vehicle he was driving during the accident, and that vehicle was not

covered under the policies at issue here.  There is no ambiguity, and defendants properly denied coverage.

**IV.    Conclusion**

Defendants' motion will be granted.  Plaintiff's motion will be denied.  Judgment will be granted to defendants and against plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for summary judgment (#24) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for partial summary judgment (#31) is **DENIED.**

Dated this  _22nd_  day of January, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE